UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY R. ADGER** | **CIVIL ACTION NO. 07-40-P** |
| **VERSUS** | **JUDGE WALTER** |
| **JERRY E. WYNN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Johnny R. Adger ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on January 8, 2007. Plaintiff is detained at the Caddo Correctional Center in Shreveport, Louisiana. He names Jerry E. Wynn, the Caddo Parish Commission, the Caddo Parish Sheriff's Office, the Caddo Parish District Attorney's Office and Judge Ramona Emanuel as defendants.[1]

Plaintiff claims he was arrested on January 31, 2006 and charged with felony theft. He claims Jerry E. Wynn, an employee of General Motors, falsified legal documents and

---

[1] Plaintiff also names Detective Geer as a defendant. Plaintiff's claims against Detective Geer have been addressed in a separate memorandum order.

provided false information to investigators. He claims that as a result of this false information, he has been illegally detained.

Plaintiff claims Judge Ramona Emanuel and the District Attorney's Office failed to recognize that his state court proceedings were civil in nature, not criminal. He claims Judge Emanuel failed to order that the information provided by Jerry E. Wynn be further investigated.

Plaintiff claims the Caddo Parish Commission is responsible for the actions of the Caddo Parish Sheriff's Office. He claims the Caddo Parish Sheriff's Office is responsible for the actions of Detective Geer.

Accordingly, Plaintiff seeks monetary compensation, punitive damages, injunctive relief, court costs and any other proper and equitable relief.

For the following reasons, Plaintiff's civil rights claims against Jerry E. Wynn, the Caddo Parish Commission, the Caddo Parish Sheriff's Office, the Caddo Parish District Attorney's Office and Judge Ramona Emanuel should be dismissed with prejudice as frivolous and his <u>habeas</u> claim should be dismissed without prejudice for failure to exhaust state court remedies.

## LAW AND ANALYSIS

**Jerry E. Wynn**

Plaintiff claims Jerry E. Wynn falsified legal documents and provided false information to investigators. He claims Jerry E. Wynn is an employee of General Motors.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law.  Plaintiff has not alleged any action that would give rise to the defendant Jerry E. Wynn being a state actor for purposes of Section 1983.

Accordingly, Plaintiff's civil rights claims against Jerry E. Wynn should be dismissed with prejudice as frivolous.

**Caddo Parish Commission**

Plaintiff claims the Caddo Parish Commission is responsible for the actions of the Caddo Parish Sheriff's Office.  He claims he was falsely arrested and illegally searched by a detective employed by the Caddo Parish Sheriff's Office.

42 U.S.C. § 1983 will not support a claim based on a respondent superior theory of liability.  See Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951,  113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v.Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990).  Plaintiff therefore has failed to state a claim upon which relief may be granted as to the Caddo Parish Commission.

Accordingly, Plaintiff's civil rights claims against  the Caddo Parish Commission should be dismissed with prejudice as frivolous.

**Caddo Parish Sheriff's Office**

Plaintiff names the Caddo Parish Sheriff Office's as a defendant. He claims he was falsely arrested and his cell was illegally searched by a detective employed by the Caddo Parish Sheriff's Office.

A parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council,279 F.3d 273, 283 (5th Cir. 2002). Thus, the Caddo Parish Sheriff's Office is not a proper defendant.

Accordingly, Plaintiff's civil rights claims against the Caddo Parish Sheriff's Office should be dismissed with prejudice as frivolous.

**Caddo Parish District Attorney's Office**

Plaintiff claims the Caddo Parish District Attorney's Office failed to recognize that his state court proceedings were civil in nature, not criminial. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the Caddo Parish District Attorney, as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims against the Caddo Parish District Attorney's Office should be dismissed with prejudice as frivolous.

**Judge Ramona Emanuel**

Plaintiff claims Judge Ramona Emanuel failed to recognize that his state court proceedings were civil in nature, not criminal. He claims Judge Ramona Emanuel failed to instruct Detective Geer to further investigate the information provided by Jerry E. Wynn. Plaintiff cannot allege claims against Judge Ramona Emanuel. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Ramona Emanuel should be dismissed with prejudice as frivolous.

**Habeas Claim**

Plaintiff seeks to have the felony theft charge dismissed. Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding. This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff is challenging his current confinement and seeks an immediate release. Thus, his claim clearly falls within the strictures of this guideline.

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right

to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

Eligibility to proceed under Section 2241 depends upon the fulfillment of two prerequisites. The statute itself requires that petitioner must be "in custody" in order to seek habeas relief. Once petitioner has met this prerequisite, he must then show that he has exhausted available state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 433 (1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir. 1987).

Furthermore, pretrial habeas relief is not a tool which can be used to derail or interfere with a state's criminal process. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 442 (1973). Absent exceptional circumstances, this Court is not authorized to interfere with state trial court proceedings. Braden, supra.

On March 9, 2007 and June 12, 2007, this Court ordered Plaintiff to demonstrate that he had exhausted his state court remedies. [Docs. 8 and 12]. Plaintiff filed numerous documents in response to the Court's memorandum orders. However, Plaintiff has failed

to provide documentation to evidence that his claims were, in fact, fully exhausted with the state courts. Thus, Plaintiff has failed to exhaust all available state court remedies prior to filing his habeas claim in this Court.

Accordingly; Plaintiff's habeas claim should be dismissed without prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis, if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an in forma pauperis (IFP) proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Jerry E. Wynn, the Caddo Parish Commission, the Caddo Parish Sheriff's Office, the Caddo Parish District Attorney's Office and Judge Ramona Emanuel be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that Plaintiff's

habeas claim be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 15th day of November, 2007.

>  
> MARK L. HORNSBY  
> UNITED STATES MAGISTRATE JUDGE