UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHNNY R. ADGER                         CIVIL ACTION NO. 07-cv-0040

VERSUS                                  JUDGE WALTER

TERRY E. WYNN, ET AL                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Detective Robert Greer of the Caddo Parish Sheriff's Office arrested Johnny R. Adger ("Plaintiff") for felony theft of more than $50,000. Plaintiff is now a pre-trial detainee awaiting trial on that charge. He filed this civil action against several defendants. The court screened the complaint, as amended, and dismissed the claims against the victim of the alleged theft, the prosecutor, the judge, and other defendants against whom no actionable claim was stated. The court also dismissed without prejudice any habeas claim for failure of Plaintiff to first exhaust his state court remedies. Docs. 21 and 32.

The court ordered that Detective Greer be served with the complaint. Doc. 22. Greer now presents a Motion for Summary Judgment (Doc. 44). It is recommended, for the reasons that follow, that the motion be granted.

**False Arrest**

Detective Greer testifies by affidavit that Mr. Jerry Wynn reported to him that Plaintiff had approached Wynn and claimed that Plaintiff stood to inherit $10,000,000 held in a

Nigerian bank account. Plaintiff told Mr. Wynn that to get the $10,000,000 he needed money for attorney fees and related costs to transfer the money from Nigeria. Plaintiff claimed that he stood to inherit the money from his brother, Mark Adger. Mr. Wynn loaned Plaintiff over $50,000, but Plaintiff never repaid any of the money.

Detective Greer testifies that he interviewed Plaintiff in connection with the allegations. Greer informed Plaintiff of his Miranda rights, and Plaintiff at first stood by his claim that he had inherited $10,000,000 from his recently deceased brother. But Plaintiff eventually admitted to Greer that he never had a brother named Mark Adger and that he never repaid any of the money he borrowed from Mr. Wynn. Based on that information, Detective Greer arrested Plaintiff on one count of felony theft.

To prevail on a Section 1983 false arrest claim, Plaintiff must show that Detective Greer did not have probable cause to arrest him. Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed an offense. Haggerty v. Texas Southern University, 391 F.3d 653, 655-56 (5th Cir. 2004). Greer is entitled to qualified immunity from the claim if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which Greer was aware, there was a fair probability that Plaintiff had committed felony theft. If Greer reasonably but mistakenly concluded that probable cause was present, he is entitled to

immunity. Haggerty, 391 F.3d at 656. This is a significant hurdle for Plaintiff to overcome, as there must not even arguably be probable cause present for immunity to be lost. Id.

Theft under La. R.S. 14:67 includes the misappropriation or taking of anything of value which belongs to another, either without the consent of the other or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of the subject of the misappropriation or taking is essential. Plaintiff admitted to Detective Greer that he had lied to Mr. Wynn about having a deceased brother, and exhibits to Plaintiff's own complaint include evidence that Plaintiff put off requests for repayment. Plaintiff argues that Detective Greer turned a mere civil dispute into a criminal matter, but the summary judgment record includes sufficient evidence to determine that there was at least arguably probable cause available to Greer, so qualified immunity is applicable.

**Cell Search**

Plaintiff alleges that Detective Greer came to the jail and searched his cell, including legal documents, in alleged violation of the First Amendment. Plaintiff also characterizes the search as harassment. He does not contend that he was harmed in his ability to defend criminal charges or assert constitutional claims.

Greer raises the defense that Plaintiff did not exhaust his administrative remedies with respect to this claim prior to bringing suit. Congress has commanded that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The statute's reference to actions "with respect to prison conditions" is interpreted broadly and includes even claims such as those that allege the use of excessive force or the denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

Captain Rick Farris testifies that Plaintiff did not file an administrative grievance regarding the search of his cell. Plaintiff does not contend otherwise, but he argues that he should not have had to file a grievance because Greer was an outside detective and not a deputy assigned to the jail. The grievance policy, attached to Farris's affidavit, states that it is designed for an inmate to seek review of a complaint "that relates to any aspect of his imprisonment" if less formal procedures do not resolve the issue. The court finds that a claim arising from the search of a cell is a claim that is "with respect to prison conditions" and subject to the requirement of Section 1997e(a). The claim also falls within the scope of the grievance procedure provided at the jail. Plaintiff did not pursue an administrative remedy before he filed this civil action, so summary judgment is appropriate on this claim.

**False Statements**

Plaintiff has complained that Detective Greer included in his report statements that Plaintiff was homeless and that he "runs from his family." Plaintiff argues that these statements are false and improperly suggest that he is mentally ill. A claim of defamation, if that is what Plaintiff is asserting, does not give rise to a Section 1983 claim. A person's interest in his reputation alone, apart from some more tangible interests such as employment,

is not a sufficient liberty or property interest to fall within the ambit of the Due Process Clause. Paul v. Davis, 96 S.Ct. 1155 (1976); Waltman v. Payne, ____ F.3d ____, 2008 WL 2690125, *4 (5th Cir. 2008). Also, there is also "no right to a completely accurate police report." Smith v. Patri, 99 Fed. Appx. 497, 498 (5th Cir. 2004)(affirming dismissal of claim that defendant filed a false report that inmate possessed crack cocaine). Summary judgment is proper on these claims.

Plaintiff alleges that Detective Greer did not provide him with Miranda warnings prior to questioning. Detective Greer testifies that "upon interviewing [Plaintiff] I first informed [Plaintiff] of his Miranda rights." Plaintiff offers no competent summary judgment evidence to the contrary, so there is no genuine issue on this point. Summary judgment is warranted. Furthermore, a mere failure to give Miranda warnings, absent elicitation of an unlawful confession that is then introduced against the plaintiff at trial, does not give rise to a Section 1983 claim for a constitutional violation. See Chavez v. Martinez, 123 S.Ct. 1994 (2003)(plurality); King v. City of Bossier City, 2007 WL 1791215 *3 (W.D. La. 2007)(Walter, J.). Plaintiff makes a similar claim that he was not allowed an attorney during his questioning. The right to an attorney during questioning is, like Miranda rights, a prophylactic rule designed to protect the constitutional right against self-incrimination. Once again, there is no allegation that Plaintiff gave an un-counseled statement that has been used against him at trial, so no relief is available with respect to this allegation.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Doc. 44) be **granted** and that all claims against Robert Greer be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE